## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

ERNEST E. SHREFFLER,

   Petitioner,

v.             Case No. 22-CV-095-JFH-DES

KAMERON HARVANEK, Warden,[1]

   Respondent.

### OPINION AND ORDER

   Petitioner Ernest E. Shreffler, a state prisoner appearing *pro se*,[2] brings this action pursuant to 28 U.S.C. § 2254, seeking federal habeas relief from the judgment entered against him in the District Court of Pittsburg County, Case No. CF-2008-466. Respondent Kameron Harvanek has moved to dismiss the petition [Dkt. No. 12], arguing that the Court lacks jurisdiction with respect to certain counts of Case No. CF-2008-466, and that Shreffler failed to file his petition within the one-year statute of limitations prescribed in 28 U.S.C. § 2244(d)(1). Shreffler did not submit a response. For the reasons discussed herein, the Court grants Harvanek's motion and dismisses the petition.

---

[1] Shreffler presently is incarcerated at the Howard McLeod Correctional Center (HMCC), in Atoka, Oklahoma. The Court therefore substitutes the HMCC's current warden, Kameron Harvanek, in place of Dean Clayton, as party respondent. *See* Rule 2(a), *Rules Governing Section 2254 Cases in the United States District Courts*. The Clerk of Court shall note this substitution on the record.

[2] Because Shreffler appears without counsel, the Court must liberally construe his pleadings. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the rule of liberal construction neither requires nor permits the Court to act as an advocate on his behalf by crafting legal arguments or scouring the record for facts to support his claims. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

## BACKGROUND

On July 29, 2009, Shreffler entered a plea of guilty in Pittsburg County District Court, Case No. CF-2008-466 to shooting with intent to kill (Count I), possession of a firearm after former conviction of a felony (Count II), obstructing an officer (Count III), and destruction of State's property (Count IV). Dkt. No. 13-1 at 2.[3] The state district court imposed a thirty-year term of imprisonment for Count I, with all but the first twenty (20) years suspended, and a ten-year term of imprisonment for Count II, each of which to be served in the state penitentiary under the custody of the Oklahoma Department of Corrections (ODOC). Dkt. No. 13-2 at 1. The court additionally imposed one-year terms of imprisonment for Counts III and IV, each of which to be served in the county jail under the custody and control of the Sherriff. *Id.* The court directed that all counts run concurrently. *Id.* Shreffler filed a motion to withdraw his plea on August 7, 2009, which the state district court denied. Dkt. No. 13-3; Dkt. No. 13-4. Shreffler appealed, and the Oklahoma Court of Criminal Appeals (OCCA) affirmed the denial on May 28, 2010. Dkt. No. 13-5. Shreffler did not seek further review in the United States Supreme Court.

On October 27, 2020, over ten (10) years after the OCCA denied relief, Shreffler filed an application for postconviction relief in the state district court, alleging ineffective assistance of counsel. Dkt. No. 13-6. The state district court denied Shreffler's application on November 12, 2020, and Shreffler appealed the determination to the OCCA. Dkt. No. 13-8. The OCCA affirmed the district court's denial of Shreffler's application on April 19, 2021. Dkt. No. 13-9. Shreffler then filed his federal habeas petition on March 30, 2022, again alleging that he received ineffective assistance of counsel in violation of the Sixth Amendment. Dkt. No. 1, at 5, 7, 10.

---

[3] The Court's citations refer to the CM/ECF header pagination.

**DISCUSSION**

**I.      Failure to Satisfy Section 2254's "In Custody" Requirement**

Section 2254(a) provides that a writ of habeas corpus is available to "a person in custody pursuant to the judgment of a State court" if that person "is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  The "in custody" requirement "is jurisdictional and requires habeas petitioners to be 'in custody' under the conviction or sentence under attack when they file the petition."  *Erlandson v. Northglenn Mun. Ct.*, 528 F.3d 785, 788 (10th Cir. 2008) (internal quotation marks omitted).  While "*consecutive sentences* should be treated as a continuous series such that a petitioner remains 'in custody' under all of his sentences until all are served," a prisoner may not pursue a habeas challenge to an expired sentence merely because it "was imposed concurrently with sentences that a habeas petitioner continues to serve."  *Mays v. Dinwiddie*, 580 F.3d 1136, 1137 (10th Cir. 2009) (internal quotation marks omitted)*.*

Respondent argues that the Court lacks jurisdiction to consider Shreffler's claims insofar as they challenge Counts II, III, and IV of Case No. CF-2008-466 because Shreffler is no longer "in custody" with respect to those counts.  Dkt. No. 13 at 4-5.  As noted, the state district court imposed concurrent sentences for Counts I through IV.  ODOC records contain a reception date of August 5, 2010, for Counts I and II, and a discharge date of January 2, 2014, for Count II.  Dkt. No. 13-10 at 1.  Though the records do not contain information regarding the status of Shreffler's one-year concurrent sentences for Counts III and IV, it is clear from the relevant dates that these sentences expired prior to Shreffler's initiation of his habeas action on March 30, 2022.  *See Owens v. Whitten*, No. 22-CV-0192-GKF-CDL, 2022 WL 14678728, at *1-2 (N.D. Okla. Oct. 25, 2022) (finding petitioner was no longer in custody pursuant to a nine-month misdemeanor sentence

imposed concurrently with longer prison terms for felony convictions where the state district court imposed the sentences in 2011 and the petitioner filed his habeas action in 2022).

Because Shreffler is no longer in custody with respect to Counts II, III, and IV of Case No. CF-2008-466, the Court dismisses Shreffler's claims challenging those convictions without prejudice for lack of jurisdiction.

## II.    Statute of Limitations

Respondent additionally argues that Shreffler's petition is subject to dismissal because it is untimely.  Dkt. No. 13 at 5-12.  The Antiterrorism and Effective Death Penalty Act (AEDPA) prescribes that state prisoners have one year from the latest of four triggering events in which to file a federal habeas petition.  28 U.S.C. § 2244(d)(1).  These events include:

(A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D).  The one-year limitations period generally runs from the date the judgment became "final" under § 2244(d)(1)(A), unless a petitioner alleges facts that implicate § 2244(d)(1)(B), (C), or (D).  *See Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000).

### a.  The Applicable Limitations Period

Shreffler invokes § 2244(d)(1)(D), claiming that he has "shown a reasonable diligence in seeking relief after discovering a basis for [his] application."  Dkt. No. 1 at 8.  Shreffler fails,

however, to support this assertion by identifying the factual predicate or providing argument as to why the facts could not have been discovered earlier through the exercise of due diligence. Shreffler's federal habeas claims involve the effectiveness of his counsel in relation to his plea agreement and do not appear to involve facts unknown to Shreffler at the time his conviction became final. Accordingly, Shreffler has not shown that § 2244(d)(1)(D) is applicable to his claims.

Since Shreffler has failed to allege facts triggering 28 U.S.C. § 2244(d)(1)(B), (C), or (D), the one-year limitation period for his petition began to run pursuant to § 2244(d)(1)(A) on the date on which the conviction became final. The OCCA affirmed the denial of Shreffler's motion to withdraw guilty plea on May 28, 2010, and Shreffler's deadline to file a petition for a writ of certiorari with the United States Supreme Court expired 90 days thereafter, on August 26, 2010. *See* 28 U.S.C. § 2101(c). The one-year statute of limitations for seeking federal habeas relief began to run the following day, on August 27, 2010, and expired one year later, on August 29, 2011.[4]  *See Harris v. Dinwiddie*, 642 F.3d 902, 906 n.6 (10th Cir. 2011). Section 2244(d)(1)(A) therefore bars Shreffler's March 30, 2022, petition absent statutory or equitable tolling or a showing of actual innocence.

### b. Statutory and Equitable Tolling

Under 28 U.S.C. § 2244(d)(2), the limitation period is statutorily tolled during the pendency of any "properly filed application for State post-conviction or other collateral review

---

[4]  One year from August 27, 2010, was Saturday, August 27, 2011. Because this date fell on a Saturday, the limitations period "continue[d] to run until the end of the next day that [was] not a Saturday, Sunday, or legal holiday." FED. R. CIV. P. 6(a)(1)(C). Shreffler's deadline to seek federal habeas relief therefore expired on Monday, August 29, 2011.

with respect to the pertinent judgment or claim." 28 U.S.C. § 2244(d)(2). This statutory tolling provision, however, does not apply to state petitions for postconviction relief filed beyond the one-year limitation period prescribed by the AEDPA. *Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006). Shreffler's October 27, 2020, application for postconviction relief was filed over nine (9) years after the expiration of the AEDPA's one-year limitations period and does not, therefore, trigger statutory tolling under § 2244(d)(2).

While the one-year statute of limitations may be subject to equitable tolling, equitable tolling "is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). Though Shreffler argues that he is entitled to equitable tolling, nothing in his submissions indicates that he diligently pursued his claims or that extraordinary circumstances precluded the timely submission of his action. *See Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) ("An inmate bears a strong burden to show specific facts to support his claim of extraordinary circumstances and due diligence.") (alteration and internal quotation marks omitted). Further, Shreffler has not argued or demonstrated that the untimeliness of his petition is excusable under the doctrine of actual innocence.

## CONCLUSION

Based on the foregoing, the Court grants Harvanek's dismissal motion [Dkt. No. 12] and dismisses the petition. In addition, the Court declines to issue a certificate of appealability because the Court finds that no reasonable jurists would debate the dismissal of the petition on jurisdictional and statute-of-limitations grounds. 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

THEREFORE, IT IS HEREBY ORDERED that:

1. the Clerk of Court shall note on the record the substitution of Kameron Harvanek in place of Dean Clayton as party respondent;

2. Respondent's motion to dismiss [Dkt. No. 12] is GRANTED;

3. the petition for writ of habeas corpus [Dkt. No. 1] is dismissed as follows:

    a. Petitioner's claims challenging his conviction with respect to Count I in Pittsburg County District Court, Case No. CF-2008-466 are DISMISSED with prejudice as barred by 28 U.S.C. § 2244(d)(1)'s one-year statute of limitations;

    b. Petitioner's claims challenging his convictions with respect to Counts II, III, and IV in Pittsburg County District Court, Case No. CF-2008-466 are DISMISSED without prejudice for lack of subject matter jurisdiction;

4. a certificate of appealability is DENIED; and

5. a separate judgment shall be entered in this matter.

Dated this 28th day of June 2023.

_____
JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE